**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.H., M.C., and A.C.**

**No. 22-697** (Harrison County 21-JA-238-2, 21-JA-239-2, and 21-JA-240-2)

**MEMORANDUM DECISION**

Petitioner Father R.C.[1] appeals the Circuit Court of Harrison County's July 29, 2022, order terminating his custodial rights to D.H. and his parental rights to M.C. and A.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in September of 2021, when the DHHR filed an abuse and neglect petition alleging that there was substance abuse and domestic violence in the home, among other allegations.[3] Thereafter, petitioner admitted to certain allegations in the petition and was adjudicated of neglect at a hearing in November of 2021. Later, the circuit court granted petitioner a post-adjudicatory improvement period that expired in June of 2022.

The dispositional hearing was originally scheduled for July 14, 2022, but the parties jointly moved to continue the matter. The court granted the motion and rescheduled the dispositional hearing. When the matter came on for the dispositional hearing on July 20, 2022, petitioner was not present, although his counsel appeared on his behalf. The evidence established that petitioner had not completed any of the terms and conditions of his post-adjudicatory improvement period. Although he completed a twenty-eight-day drug rehabilitation program, petitioner failed to submit to required drug screens at any time after his treatment. According to the evidence, petitioner last screened on April 4, 2022, at which time he tested positive, yet he denied abusing drugs. Petitioner was also scheduled for thirty-nine drug screens during the proceedings yet only appeared for eight.

---

[1]Petitioner appears by counsel Allison S. McClure, who filed the brief in accordance with Rule 10(c)(10) of the Rules of Appellate Procedure. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Jenna L. Robey appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]The DHHR later amended the petition to include additional children that are not at issue in this matter.

Further, petitioner did not complete individualized parenting classes, lacked stable housing, did not participate in his parental fitness evaluation, did not complete individual therapy or anger management, and had no visits or contact with the children since April of 2022. The court further found that petitioner "does not acknowledge the issues that brought about the filing of the [p]etition and has taken no steps to attempt to rectify those issues." Based on the evidence, the court found that there was no reasonable likelihood that the conditions of neglect could be substantially corrected and that the children's best interests required termination of petitioner's parental and custodial rights. Accordingly, the court terminated petitioner's custodial rights to D.H. and his parental rights to M.C. and A.C.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this court, petitioner first argues that it was error to proceed to disposition in his absence. We find, however, that petitioner has waived this issue. Although petitioner partly blames the continuance for his absence at the hearing, petitioner jointly moved for that continuance. Further, the record shows that at no point at the July 20, 2022, dispositional hearing did petitioner's counsel move to continue the matter in order to secure petitioner's attendance. As we have explained, "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we decline to address this issue on appeal.

Next, petitioner argues that it was error to terminate his rights to the children. In support of this argument, petitioner asserts that he attended substance abuse treatment and was, therefore, capable of correcting the conditions of abuse and neglect in the near future. However, this argument ignores the fact that the case also concerned issues of domestic violence and, more importantly, that the court found that petitioner failed to acknowledge the neglect at issue. As we have explained,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Further, the court found that petitioner failed to complete a single term or condition of his improvement period, only reinforcing the court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect at issue. Petitioner even admits that his failure to submit to drug screens following his completion of substance abuse treatment "is an undeniable problem with his position in this case." As such, it is clear that the circuit court had ample evidence upon which to base the finding that there was no reasonable likelihood that

---

[4]The children's mother successfully completed an improvement period and the proceedings against her were dismissed. D.H.'s father was granted disposition under West Virginia Code § 49-4-604(c)(5). The permanency plan for the children is to remain with the mother.

petitioner could substantially correct the conditions of neglect. While petitioner argues that this finding was also in error because the DHHR did not make reasonable efforts to reunify the family, this argument is not supported by the record. The evidence shows that the DHHR offered ample services to remedy the issues, yet petitioner failed to avail himself of the same.

Petitioner also argues that it was error to find that termination was necessary for the children and that the court should have employed a less restrictive dispositional alternative, but these arguments are similarly without merit. Petitioner's argument concerning the lack of necessity for termination is predicated on the fact that the children were returned to the mother's custody. We have previously held that "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, we have explained that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As explained above, the court had ample evidence upon which to base its finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect. Accordingly, we find that petitioner was not entitled to a less restrictive dispositional alternative.

Finally, petitioner argues that the court erred in denying him post-termination visitation with the children. However, petitioner admits that he failed to introduce any evidence of his alleged bond with the children. Given that the existence of a close emotional bond is a significant factor for consideration when addressing such visitation, we find that petitioner is entitled to no relief. *See* Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (instructing that, when deciding whether to award post-termination visitation, "the circuit court should consider whether a close emotional bond has been established between parent and child").

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 29, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn